SMOCK *v.* BRUSH.

STATUTE OF FRAUDS.—*Contract to Pay Debt of Another.*—*Parties.*—In an action on account for goods sold and delivered, the evidence developed the facts, that the plaintiff had sold such goods merely as the agent of the owner, that such goods had been charged against the defendant in favor of the owner, that there was a verbal agreement between the plaintiff and his employer that the former should be responsible for all uncollectible accounts, and that such account had not been paid by the plaintiff.

*Held*, that the plaintiff is not, but that his principal is, the real party in interest, and that such agreement is void by the statute of frauds.

From the Marion Circuit Court.

*H. C. Allen*, for appellant.

*J. C. Green* and *J. C. Pearson*, for appellee.

NIBLACK, C. J.—This suit was commenced before a justice of the peace, by John T. Brush, against William C. Smock, upon an open account.

The plaintiff recovered a judgment before the justice, from which the defendant appealed to the circuit court.

There was a finding in the circuit court for the plaintiff, and, notwithstanding objections interposed by a motion for a new trial, judgment was rendered in accordance with the finding.

On the trial the plaintiff testified, in substance, as follows:

" I am the plaintiff in this action. My business is gentlemen's furnishing goods. The account sued upon is correct, and there is due upon said account twenty dollars and sixty cents.

" I sold the goods for Owen, Pixley & Co., who owned the goods sold and the store, at the time. I was not a member of the firm when the goods were sold, but was simply selling the goods for them. I have not bought the account sued upon, nor has it been assigned or transferred to me. I was simply acting for said firm in selling their goods for them. The account is charged upon the books, viz. :

" ' William C. Smock, Dr.

" ' To Mdse,' etc.

" I kept no account personally, nor in my name, of the goods sold. I have no personal account with the defendant and have not had.

" I had an arrangement with the firm to sell the goods for cash, and if I sold on credit I was to be personally re-

sponsible, and stand good to the firm myself, if the accounts could not be collected. I am now a member of the firm.

" My arrangement with the firm was a verbal one. I did not keep any personal account between myself and the firm for these goods, nor charge myself with them in any way. I have paid the firm for other accounts which I could not collect, and I expect to pay this one, if it can not be collected. If I collect it I will turn the money over to the firm, and then it will be paid."

This was all the evidence given in the cause.

The motion for a new trial raised the question of the sufficiency of the evidence to sustain the finding of the court.

We think the finding was not sustained by the evidence. The evidence showed the plaintiff not to be the real party in interest, and hence not entitled to sue in this action. 2 R. S. 1876, pp. 33, 34, secs. 3, 4. It showed the right of action to be in Owen, Pixley & Co., and not in him.

This case, in all its essential features, is a parallel one to that of *Smock* v. *Brush*, *ante*, p. 156; and, upon the authority of that case, this judgment must be reversed.

The judgment is reversed, at the costs of the appellee, and the cause remanded for further proceedings not inconsistent with this opinion.